# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY RENTERIA, | CASE NO. 1:08-cv-00766-SMS PC |
| Plaintiff, | ORDER DENYING MOTION TO REMAND |
| v. | (Doc. 3) |
| JAMES A. YATES, et al., | ORDER GRANTING DEFENDANTS' MOTION FOR A THIRTY-DAY EXTENSION OF TIME TO RESPOND TO THE COMPLAINT, TO COMMENCE FOLLOWING SCREENING |
| Defendants. | |
| / | (Doc. 1) |

This is a civil action filed by Plaintiff Johnney Renteria ("Plaintiff"), a state prisoner proceeding pro. The action was removed from the Fresno County Superior Court to this Court by Defendants Yates and Igbinosa ("Defendants") on June 3, 2008. Defendants request a thirty-day extension of time to file a response to the complaint, to commence following screening by the Court. 28 U.S.C. § 1915A. On June 25, 2008, Plaintiff filed what he entitles an opposition to Defendants' motion to remove the action, and an opposition to their request for an extension of time. Removal has occurred and is not subject to permission by the Court. Therefore, the Court shall treat Plaintiff's filing as a motion to remand, which is the proper procedure for challenging removal.[1]

Under 28 U.S.C. § 1441(a), a defendant may remove from state court any action "of which the district courts of the United States have original jurisdiction." Federal courts "shall have original

---

[1] Pursuant to Local Rule 78-230(m), Defendants have twenty-one days to oppose the motion. In light of the Court's ruling, however, there is no prejudice to Defendants from expediting resolution of Plaintiff's motion.

1

jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Because of the "Congressional purpose to restrict the jurisdiction of the federal courts on removal," the removal statute is strictly construed against removal.[2] Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109, 61 S.Ct. 868, 872 (1941); Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." Duncan, 76 F.3d at 1485; Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Courts "must consider whether federal jurisdiction exists, even if no objection is made to removal, and even if both parties stipulate to federal jurisdiction." Rains v. Criterion Systems, Inc., 80 F.3d 339, 342 (9th Cir. 1996) (citations omitted).

In their notice of removal, Defendants contend that the action is one brought pursuant to 42 U.S.C. § 1983. Plaintiff asserts that he cited to the Eighth Amendment of the United States Constitution for the sake of argument only and that he intended it to be a state civil rights and tort lawsuit only. (Doc. 3, pgs. 2 & 3.)

"The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc., v. Williams, 482 U.S. 386, 392 (1987) (internal quotations and citations omitted). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Id.

The Court has reviewed the complaint and finds that Plaintiff's argument is belied by his allegations. Plaintiff specifically alleged Defendants acted with deliberate indifference to his rights, which is the standard governing federal Eighth Amendment claims. (Doc. 1, court record pg. 7.) Further, and fatal to Plaintiff's motion to remand, Plaintiff alleged that he is entitled to damages for the violation of the Eighth Amendment of the United States Constitution. (Id., c.r. pg. 8.) Because Plaintiff alleged the violation of a federal right, Defendants are entitled to remove the action. Plaintiff could have drafted his complaint to include only state law claims by simply omitting any

---

[2] "At the core of the federal judicial system is the principle that the federal courts are courts of limited jurisdiction." Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979).

reference to the violation of his rights under federal law.  He did not do so, however and the motion to remand must be denied.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion to remand, filed June 25, 2008, is DENIED;

2. Defendants' motion for an extension of time to file a response to the complaint, filed June 3, 2008, is GRANTED; and

3. Defendants shall have **thirty (30) days** to file a response to the complaint, to commence following screening.

IT IS SO ORDERED.

**Dated:   June 26, 2008**                          /s/ Sandra M. Snyder
                                                                            UNITED STATES MAGISTRATE JUDGE