SC

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Johnny Renteria, | No. CV 1-08-00766-JMR |
| Plaintiff, | **ORDER** |
| vs. | |
| J. Yates, et al., | |
| Defendants. | |

This case was reassigned to the undersigned judge on November 25, 2008.  (Doc.# 8.)[1]  Plaintiff Johnny Renteria, who is confined in the Pleasant Valley State Prison (PVSP) in Coalinga, California, filed a *pro se* complaint in California state court, which the Defendants removed to federal court based on Plaintiff's allegation of federal constitutional violations in his Complaint.  (Doc.# 1.)  Plaintiff's motion for remand was subsequently denied.  (Doc.# 5.)  The Court will dismiss Plaintiff's federal claims from the Complaint with leave to file a First Amended Complaint.  If Plaintiff fails to file a First Amended Complaint, the remaining claims in his Complaint and this action will be remanded to state court.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.

---

[1]  "Doc.#" refers to the docket number of filings in this case.

JDDL-K

1  § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

2  claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

3  be granted, or that seek monetary relief from a defendant who is immune from such relief.

4  28 U.S.C. § 1915A(b)(1), (2).  If the Court determines that a pleading could be cured by the

5  allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint

6  before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000)

7  (*en banc*).  The Court should not, however, advise the litigant how to cure the defects.  This

8  type of advice "would undermine district judges' role as impartial decisionmakers."  Pliler

9  v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide

10  whether the court was required to inform a litigant of deficiencies).  Plaintiff's Complaint

11  will be dismissed for failure to state a claim with leave to amend because the Complaint may

12  possibly be saved by amendment.

13  **II.    Complaint**

14  　　　Plaintiff alleges state and federal claims in his Complaint.  He sues PVSP Warden

15  James Yates and physician F. Igbinosa.  Plaintiff seeks injunctive, compensatory, and

16  punitive relief.

17  　　　Plaintiff alleges the following facts in his Complaint: Plaintiff was transferred to

18  PVSP from another part of the state.  Prior to Plaintiff's transfer to PVSP, he suffered a

19  collapsed lung, which weakened his lung capacity.  Both factors made him vulnerable to

20  contracting Valley Fever, a fungal disease, which is endemic in the area of PVSP.  According

21  to Plaintiff, the risks posed by Valley Fever were known when he was transferred to PVSP

22  because several officers and inmates had contracted the illness and some had died.  Plaintiff

23  contracted Valley Fever in 2004 and has suffered from it ever since.  Plaintiff alleges that he

24  has suffered "tremendous pain" and that he is at risk of complications, which could lead to

25  his death for the remainder of his life.  According to Plaintiff, his requests for transfer to

26  another facility have been repeatedly denied.

27  **III.   Failure to State a Claim Under § 1983**

28  　　　A plaintiff may seek relief for violations of his federal constitutional rights under 42

JDDL-K                                    - 2 -

1  U.S.C. § 1983.  Because Plaintiff asserts violations of his federal constitutional rights in his

2  Complaint, the Court addresses those claims under § 1983.

3      To state a claim under § 1983, a plaintiff must allege facts to support that (1) the

4  conduct about which he complains was committed by a person acting under the color of state

5  law and (2) the conduct deprived him of a federal constitutional or statutory right.  Wood v.

6  Ostrander, 879 F.2d 583, 587 (9th Cir. 1989).  In addition, to state a valid constitutional

7  claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of

8  a particular defendant and he must allege an affirmative link between the injury and the

9  conduct of that defendant.  Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

10     **A.     Failure to Link Defendants to Any Constitutional Violation**

11     Although the named Defendants may properly be sued for constitutional violations,

12 Plaintiff fails to state a claim against either of them.  "A plaintiff must allege facts, not

13 simply conclusions, that show that an individual was personally involved in the deprivation

14 of his civil rights."  Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).  For an

15 individual to be liable in his official capacity, a plaintiff must allege that the official acted

16 as a result of a policy, practice, or custom.  See Cortez v. County of Los Angeles, 294 F.3d

17 1186, 1188 (9th Cir. 2001).  Further, there is no *respondeat superior* liability under § 1983,

18 so a defendant's position as the supervisor of a someone who allegedly violated a plaintiff's

19 constitutional rights does not make him liable.  Monell v. Dep't of Soc. Servs., 436 U.S. 658,

20 691 (1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  A supervisor in his

21 individual capacity, "is only liable for constitutional violations of his subordinates if the

22 supervisor participated in or directed the violations, or knew of the violations and failed to

23 act to prevent them."  Taylor, 880 F.2d at 1045.

24     Plaintiff fails to allege facts to support that either Defendant enacted or enforced a

25 policy, custom, or practice that resulted in the denial of Plaintiff's constitutional rights.

26 Further, Plaintiff has not alleged facts to support that either Defendant directly violated his

27 constitutional rights or to support that either Defendant was aware that Plaintiff's rights were

28 being violated but failed to act.  Thus, Plaintiff fails to state a federal constitutional claim

1 against either Defendant in his Complaint.

2     **B.**    **Negligence**

3     To the extent that Plaintiff alleges that Defendants acted negligently, he fails to state

4 a federal constitutional claim.  Negligence by a defendant acting under color of state law is

5 not sufficient to state a claim under § 1983.  <u>Daniels v. Williams</u> , 474 U.S. 327, 330-31

6 (1986) (plaintiff must plead more than mere negligence in a § 1983 action); <u>see</u> <u>Alfrey v.</u>

7 <u>United States</u>, 276 F.3d 557, 568 (9th Cir. 2002).  Accordingly, the mere negligence in

8 providing Plaintiff medications does not rise to the level of a constitutional violation.

9     **C.**    **Threats to Safety/Conditions of Confinement**

10     Plaintiff in part contends that his transfer and incarceration at PVSP endangered his

11 health due to Valley Fever, which is allegedly endemic in the area.  An inmate has no

12 constitutional right to enjoy a particular security classification or housing.  <u>See Meachum v.</u>

13 <u>Fano</u>, 427 U.S. 215, 224-25 (1976) (no liberty interest protected by the Due Process Clause

14 is implicated in a prison's reclassification and transfer decisions); <u>see also</u> <u>Myron v. Terhune</u>,

15 476 F.3d 716, 718 (9th Cir. 2007).  Nevertheless, prison officials are required to take

16 reasonable measures to guarantee the safety of inmates.  <u>Farmer v. Brennan</u>, 511 U.S. 825,

17 832-34 (1994).  To state a claim for failure to protect, an inmate must allege facts supporting

18 that he was incarcerated under conditions posing a substantial risk of harm and that jail

19 officials were "deliberately indifferent" to the inmate's safety.  <u>Farmer</u>, 511 U.S. at 834;

20 <u>Redman v. County of Los Angeles</u>, 942 F.2d 1435, 1443 (9th Cir. 1991) (*en banc*).  To

21 adequately allege deliberate indifference, a plaintiff must set forth facts to support that a

22 defendant official knew of an excessive risk to inmate safety, but disregarded the risk.

23 <u>Farmer</u>, 511 U.S. at 837.  That is, "the official must both [have been] aware of facts from

24 which the inference could be drawn that a substantial risk of serious harm exist[ed], and he

25 must also [have] draw[n] the inference."  <u>Farmer</u>, 511 U.S. at 837; <u>Redman</u>, 942 F.2d at

26 1442.

27     Plaintiff alleges that he was vulnerable to Valley Fever, which was endemic in the

28 area of PVSP.  Plaintiff fails, however, to set forth facts to support that either Defendant

1  knew of such risk or how either Defendant acted with deliberate indifference to that risk.

2  Plaintiff therefore fails to state a federal constitutional claim for deliberate indifference to

3  threats to Plaintiff's safety.

4        **D.**    **Medical Care**

5        Plaintiff also appears to allege that he was denied constitutionally adequate medical

6  care. To state a claim for denial of constitutionally adequate medical care, a plaintiff must

7  allege facts to support that he has or had a serious medical need and that a particular

8  defendant acted with deliberate indifference to that need. <u>See</u> <u>Estelle v. Gamble</u>, 429 U.S.

9  97, 104-05 (1976); <u>Lolli v. County of Orange</u>, 351 F.3d 410, 418-19 (9th Cir. 2003). To

10  allege a serious medical need, a plaintiff must set forth facts to support that the "failure to

11  treat a prisoner's condition could result in further significant injury or the 'unnecessary and

12  wanton infliction of pain.'" <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting

13  <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1991), <u>overruled on other grounds by</u>

14  <u>WMX Techs, Inc. v. Miller</u>, 104 F.3d 1133 (9th Cir. 1997) (<u>en banc</u>)). A plaintiff must also

15  allege facts to support that a defendant was deliberately indifferent to a serious medical need.

16  "Deliberate indifference is a high legal standard." <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1060

17  (9th Cir. 2004). Deliberate indifference may occur if "prison officials deny, delay or

18  intentionally interfere with medical treatment." <u>Hutchinson v. United States</u>, 838 F.2d 390,

19  394 (9th Cir.1988). Mere negligence, however, "in diagnosing or treating a medical

20  condition, without more, does not violate a prisoner's Eighth Amendment rights." <u>Lopez</u>,

21  203 F.3d at 1132 (quoting <u>Hutchinson</u>, 838 F.2d at 394). Further, a delay in receiving

22  medical care, without more, is insufficient to state a claim against a jailor for deliberate

23  indifference unless the plaintiff can show that the delay in treatment harmed him. <u>Shapley</u>

24  <u>v. Nevada Bd. of State Prison Comm'rs</u>, 766 F.2d 404, 407 (9th Cir. 1985). A difference in

25  medical opinion also does not amount to deliberate indifference. <u>See</u> <u>Toguchi</u>, 391 F.3d at

26  1058. Rather, to prevail on a claim involving choices between alternative courses of

27  treatment, a prisoner must show that the chosen course was medically unacceptable under

28  the circumstances and was chosen in conscious disregard of an excessive risk to the

1  prisoner's health.  Id.  Similarly, differences in judgment between an inmate and prison

2  medical personnel regarding appropriate medical diagnosis or treatment are not enough to

3  state a deliberate indifference claim.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

4      Plaintiff alleges that since 2004, he has suffered from symptoms of Valley Fever,

5  which is incurable.  Plaintiff fails to set forth facts to support that he was denied medically

6  appropriate treatment for Valley Fever.  He also fails to allege facts to support that either

7  Defendant has acted with deliberate indifference to Plaintiff's medical needs.  For that

8  reason, Plaintiff fails to state a federal constitutional claim against either for deliberate

9  indifference to his serious medical needs.

10  **IV.   Leave to Amend**

11      Defendants removed this action from state court based upon federal question subject

12  matter jurisdiction, i.e., violations of Plaintiff's federal constitutional rights.  For the reasons

13  discussed herein, however, Plaintiff fails to allege sufficient facts to state a claim for

14  violation of his federal constitutional rights in his Complaint.  For that reason, the Court will

15  dismiss Plaintiff's federal claims and grant Plaintiff 30 days within which to file a first

16  amended complaint in which he attempts to cure the deficiencies in his federal claims.  The

17  Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended

18  complaint.  **If Plaintiff fails to file a first amended complaint, the remaining claims in**

19  **the Complaint and this action will be remanded to state court for lack of subject matter**

20  **jurisdiction pursuant to 28 U.S.C. § 1447(c).**

21      Plaintiff must clearly designate on the face of the document that it is the "First

22  Amended Complaint."  The amended complaint must be retyped or rewritten in its entirety

23  on the form provided with this Order and may not incorporate any part of the original

24  Complaint by reference.

25      Plaintiff must comply with the instructions provided with the form.  Plaintiff should

26  pay close attention to the instructions provided with the form.  If Plaintiff fails to comply

27  with the instructions provided with the form, the Court may strike the amended complaint

28  and remand the remaining claims without further notice to Plaintiff.

1    Among other requirements contained in the instructions, Plaintiff is advised that the
2    instructions require him to provide information regarding the Court's jurisdiction and
3    information about the defendants, and to divide his lawsuit into separate counts.  In each
4    count, Plaintiff must identify what federal constitutional civil right was violated, identify the
5    issue most closely involved in that count, state which defendants violated that right and what
6    those defendants did to violate that right, explain how Plaintiff was injured by the alleged
7    violation of the constitutional right, and identify whether Plaintiff has exhausted any
8    available administrative remedies.  Plaintiff must repeat this process for each civil right that
9    was violated.  Plaintiff may allege only one claim per count.

10   A first amended complaint supersedes the original complaint.  Ferdik v. Bonzelet, 963
11   F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542,
12   1546 (9th Cir. 1990).   After amendment, the Court will treat an original complaint as
13   nonexistent.  Ferdik, 963 F.2d at 1262.  Any cause of action that was raised in the original
14   complaint is waived if it is not raised in a first amended complaint.  King v. Atiyeh, 814 F.2d
15   565, 567 (9th Cir. 1987).

16   **VI.    Warnings**

17        **A.    Address Changes**

18        Plaintiff must file and serve a notice of a change of address in accordance with Rule
19   83-182(f) and 83-183(b) of the Local Rules of Civil Procedure.  Plaintiff must not include
20   a motion for other relief with a notice of change of address.  Failure to comply may result in
21   dismissal of this action.

22        **B.    Copies**

23        Plaintiff must submit an additional copy of every filing for use by the Court.  See
24   LRCiv 5-133(d)(2).  Failure to comply may result in the filing being stricken without further
25   notice to Plaintiff.

26        **C.    Possible Dismissal**

27        If Plaintiff fails to timely comply with every provision of this Order, including these
28   warnings, the Court may dismiss this action without further notice.  See Ferdik, 963 F.2d at

JDDL-K                                          - 7 -

1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Plaintiff's claims for denial of his federal constitutional rights are **dismissed** without prejudice.  Plaintiff has 30 days from the filing date this Order to file a first amended complaint in compliance with this Order.  (Doc.# 1.)

(2)    If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, remand Plaintiff's remaining claims to state court for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

(3)    The Clerk of Court must include with this Order a copy of this judge's required form for filing a civil rights complaint by a prisoner.

DATED this 3rd day of March, 2009.

John M. Roll
Chief United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint in the
United States District Court for the Eastern District of California**

1. <u>Who May Use This Form</u>. The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights. These complaints typically concern, but are not limited to, conditions of confinement. **This form should not be used to challenge your conviction or sentence**. If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody. If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>. The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable. All questions must be answered clearly and concisely in the appropriate space on the form. If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper. You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action. You do not need to cite law.

3. <u>Your Signature</u>. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing Fee</u>. The filing fee for this action is $350.00. If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*. Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>. You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court. You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you. All copies must be identical to the original. Copies may be legibly handwritten.

6. <u>Change of Address</u>. You must immediately notify the Court and the defendants in writing of any change in your mailing address. **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

7. <u>Certificate of Service</u>. You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*). Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed. <u>See</u> Fed. R. Civ. P. 5(a), (d). Any document received by the Court that does not include a certificate of service may be stricken. A certificate of service should be in the following form:

Revised 12/1/08                           1

I hereby certify that a copy of the foregoing document was mailed
this _____ (month, day, year) to:
Name:  _____
Address:_____
        Attorney for Defendant(s)
_____
(Signature)

8.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  **Any allegations or defendants not included in the amended complaint are considered dismissed.**  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

9.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

10.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

11.  <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**
     1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

     2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

     3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**
     1.  <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for

2

federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1.  <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2.  <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3.  <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4.  <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5.  <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

3

**Part D.  REQUEST FOR RELIEF:**
      Print the relief you are seeking in the space provided.

**SIGNATURE:**
      You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

      You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

_____ ,  )
(Full Name of Plaintiff)      Plaintiff,     )
                                            )
                           vs.               )   **CASE NO.** _____
                                            )          (To be supplied by the Clerk)
(1)_____ ,          )
(Full Name of Defendant)                     )
(2)_____ ,          )
                                            )     **CIVIL RIGHTS COMPLAINT**
(3)_____ ,          )     **BY A PRISONER**
                                            )
(4)_____ ,          )   ☐ Original Complaint
               Defendant(s).                 )   ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them. )   ☐ Second Amended Complaint

## A.  JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
   ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
   ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

**550/555**

## B.  DEFENDANTS

1.    Name of first Defendant: _____.  The first Defendant is employed as:

_____at_____.
               (Position and Title)                                        (Institution)

2.    Name of second Defendant: _____.  The second Defendant is employed as:

_____at_____.
               (Position and Title)                                        (Institution)

3.    Name of third Defendant: _____.  The third Defendant is employed as:

_____at_____.
               (Position and Title)                                        (Institution)

4.    Name of fourth Defendant: _____.  The fourth Defendant is employed as:

_____at_____.
               (Position and Title)                                        (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.    Have you filed any other lawsuits while you were a prisoner?          ☐ Yes          ☐ No

2.    If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.    Parties: _____ v. _____
        2.    Court and case number: _____.
        3.    Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____

_____.

    b.  Second prior lawsuit:
        1.    Parties: _____ v. _____
        2.    Court and case number: _____.
        3.    Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____

_____.

    c.  Third prior lawsuit:
        1.    Parties: _____ v. _____
        2.    Court and case number: _____.
        3.    Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____

_____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.

☐ Basic necessities          ☐ Mail              ☐ Access to the court      ☐ Medical care
☐ Disciplinary proceedings   ☐ Property          ☐ Exercise of religion     ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies:**

a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                            ☐ Yes    ☐ No

b.   Did you submit a request for administrative relief on Count I?                          ☐ Yes    ☐ No

c.   Did you appeal your request for relief on Count I to the highest level?                ☐ Yes    ☐ No

d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

3

## COUNT II

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
   ☐ Basic necessities          ☐ Mail              ☐ Access to the court        ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property          ☐ Exercise of religion       ☐ Retaliation
   ☐ Excessive force by an officer  ☐ Threat to safety ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your
        institution?                                                                    ☐ Yes    ☐ No
   b.   Did you submit a request for administrative relief on Count II?                  ☐ Yes    ☐ No
   c.   Did you appeal your request for relief on Count II to the highest level?         ☐ Yes    ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
        did not. _____
        _____.

4

**COUNT III**

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
   ☐ Basic necessities          ☐ Mail              ☐ Access to the court       ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property          ☐ Exercise of religion      ☐ Retaliation
   ☐ Excessive force by an officer   ☐ Threat to safety  ☐ Other: _____.

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.    **Administrative Remedies.**
   a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your
         institution?                                                          ☐ Yes   ☐ No
   b.    Did you submit a request for administrative relief on Count III?       ☐ Yes   ☐ No
   c.    Did you appeal your request for relief on Count III to the highest level?   ☐ Yes   ☐ No
   d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
         did not. _____
         _____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____

_____

_____

_____

_____

_____

_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                        DATE                                        SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____

_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.